FILED

1  RIDOUT & LYON, LLP
   CHRISTOPHER P. RIDOUT (State Bar No. 143931)
2     Email: c.ridout@ridoutlyonlaw.com
   555 E. Ocean Blvd., Suite 500                        2012 MAR -8  PM 2: 33
   Long Beach California 90802
3  Tel: (562) 216-7380                              CLERK U.S. DISTRICT COURT
   Fax: (562) 216-7385                               CENTRAL DIST. OF CALIF.
4                                                        LOS ANGELES

5  RONALD S. GOLDSER (MN State Bar No. 35932)      BY_____
   GENEVIEVE M. ZIMMERMAN (MN State Bar No. 330292)
6  JASON P. JOHNSTON (MN State Bar No. 391206)
   ZIMMERMAN REED, P.L.L.P.
7  1100 IDS Center, 80 South 8th St.
   Minneapolis, Minnesota 55402
8  Tel.: (612) 341-0400
   Fax: (612) 341-0844
9  Email: ronald.goldser@zimmreed.com
   Email: genevieve.zimmerman@zimmreed.com
10 Email: jason.johnston@zimmreed.com

11 **Attorneys for Plaintiff**

12              UNITED STATES DISTRICT COURT

13           CENTRAL DISTRICT OF CALIFORNIA      CV12 1969 -CAS
                                                          (AGK)
14                                        Case No.

15 LINDA STEINER,                         **COMPLAINT**

16              Plaintiff,                **(1) Strict Liability;**
                                          **(2) Products Liability – Failure to Warn;**
17      vs.                               **(3) Products Liability – Design Defect;**
                                          **(4) Negligence;**
18                                        **(5) Breach of Express Warranty; and**
   ZIMMER, INC.; ZIMMER HOLDINGS,         **(6) Breach of Implied Warranties.**
19 INC.; AND ZIMMER ORTHOPAEDIC
   SURGICAL PRODUCTS, INC. AND            **DEMAND FOR JURY TRIAL**
20 DOES 1-20 INCLUSIVE,

21              Defendants.

22

23

24

25

26

27

28

---
COMPLAINT

COMES NOW the Plaintiff, Linda Steiner, by and through her undersigned Counsel, and for her Complaint against the Defendants, alleges as follows:

## NATURE OF THE CASE

1.      This is an action for damages suffered by Linda Steiner, as a direct and proximate result of Defendants' wrongful conduct in connection with the development, design, manufacture, distribution, and selling of Defendants' knee replacement product, the Zimmer NexGen High-Flex total knee replacement system (hereinafter "Zimmer NexGen Knee"), including the Zimmer NexGen LPS-Flex Gender Solutions femoral component.

2.      Defendants knew or should have known that the Zimmer NexGen Knee can loosen in patients, such as Plaintiff, causing personal injury, significant pain, and loss of movement, and that this injury can only be remedied through subsequent revision surgery and/or knee replacement.  Further, Defendants misled health care professionals and the public into believing that the Zimmer NexGen Knee was safe and effective for use in knee replacement surgery; engaged in deceptive, misleading and unconscionable promotional or sales methods to convince health care professionals to utilize the Zimmer NexGen Knee, even though Defendants knew or should have known that the Zimmer NexGen Knee was unreasonably unsafe; and failed to warn health care professionals and the public about the safety risks of the Zimmer NexGen Knee.

## PARTIES

3.      Plaintiff Linda Steiner is a citizen of the State of California, and a resident of Calabasas, California.

4.      Defendant Zimmer, Inc. is a corporation organized and existing under the laws of Delaware, and has its principal place of business located in Warsaw, Indiana.

5.      Defendant Zimmer Holdings, Inc. is a corporation organized and existing under the laws of Delaware, and has its principal place of business located in Warsaw, Indiana.

COMPLAINT

6.     Defendant Zimmer Orthopaedic Surgical Products, Inc. is a corporation organized and existing under the laws of Ohio, and has its principal place of business in Dover, Ohio.

7.     The true names and capacities of the Defendants sued herein as DOES 1 to 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will seek of the Court to amend this Complaint to show their true names and capacities when same have been ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants, including the Doe Defendants, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other Defendants, who proximately caused the injuries and damages to Plaintiff as hereinafter alleged.

8.     At all times material hereto, Defendants developed, designed, tested, manufactured, distributed, marketed, and sold the Zimmer NexGen Knee.  Defendants' products, including the Zimmer NexGen Knee, are sold throughout the world, including within the State of California.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different States and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.     Venue in this action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(a), as a substantial number of the events, actions or omissions giving rise to Plaintiff's claims occurred in this district.  At all times material hereto, Defendants conducted substantial business in this district.

## FACTUAL BACKGROUND

## KNEE REPLACEMENT BACKGROUND

11.     Total Knee Arthroplasty ("TKA"), also called total knee replacement, is a common medical procedure performed.  The surgery is designed to help relieve pain and

2

COMPLAINT

improve joint function in people with severe knee degeneration due to arthritis or trauma.

12.    Upon information and belief, the TKA procedure is done by separating the muscles and ligaments around the knee to expose the inside of the joint.  The ends of the thigh bone (femur) and the shin bone (tibia) are removed as is often the underside of the kneecap (patella).

13.    Upon information and belief, about 85 to 90 percent of total knee replacements are successful up to ten years.

14.    *Mechanical loosening* means that for some reason (other than infection) the attachment between the artificial knee and the bone has become loose.

15.    Loosening can occur with any component of the artificial knee: the femoral, the tibial or the patellar component.

16.    Upon information and belief, loosening of an artificial knee can be diagnosed using X-ray images that show one or more radiolucent lines around the contours of the artificial knee joint.

17.    A loose artificial knee is a problem because it causes pain and wearing away of the bone.  A painful loose knee can restrict the patient's daily activities severely.  A loose artificial knee also involves severe psychical burden for the patient.

18.    Once the pain becomes unbearable or the individual loses function of the knee, another operation may be required to revise the knee replacement.  A loose, painful artificial knee can usually, but not always, be replaced.

19.    The purpose of knee revision surgery is to remove a failed knee implant and replace it with a new one.

20.    Upon information and belief, a revision operation of a failed knee implant is problematic because the surgeon must reconstruct the severe bone loss caused by bone destruction around the failed total knee prosthesis, and restore the stability in the revised total knee.

COMPLAINT

21.     Upon information and belief, the results of a revision operation are not as good as the first, and the risks of complications are higher.  The range of motion in the knee after revision surgery may be reduced and the walking capacity may also be diminished.  The rate of loosening increases after revision surgery.

## ZIMMER NEXGEN KNEE FACTS

22.     Zimmer was founded in 1927, and purports to be a worldwide leader in the design and manufacture of orthopaedic reconstructive, spinal and trauma devices, dental implants, and related orthopaedic surgical products.

23.     The Zimmer NexGen Knee uses a "high-flex" femoral component that purports to allow a greater degree of flexion than the standard femoral component.

24.     The Defendants generally, manufactured, labeled, packaged, distributed, supplied, marketed, advertised, and/or otherwise engaged in all activities that are part and parcel of the sale and distribution of a pharmaceutical, and by said activities, caused the Zimmer NexGen Knee to be placed into the stream of commerce throughout the United States.

25.     Defendants made, participated in and/or contributed to filings with the FDA in conjunction with the approval process for the Zimmer NexGen Knee.

26.     Upon information and belief, Defendants were in control of the design, assembly, manufacture, marketing, distribution, packaging, labeling, processing, supplying, promotion, sales, and the issuance of product warnings and related information with respect to the Zimmer NexGen Knee.

27.     Defendants were at all times material hereto subject to the laws of the United States of America, including provisions relating to the FDA, and the rules and regulations thereof, in conjunction with the approval process, labeling, and other after-market activities that pertain to the Zimmer NexGen Knee.

28.     The Zimmer NexGen Knee has been widely advertised, marketed and represented by the Defendants as a safe and effective treatment.

4

COMPLAINT

## ZIMMER NEXGEN KNEE PROBLEMS

29.     Studies show that a knee implant that allows for higher flexation, like the Zimmer NexGen Knee, is more likely to fail because higher flexation places the knee implant at a higher risk of loosening.

30.     Additionally, The Journal of Bone and Joint Surgery (British Edition) published a peer reviewed study by professors at the Seoul National University College of Medicine in 2007 titled, *High Incidence of Loosening of the Femoral Component in the Legacy Posterior Stabilised-Flex Total Knee Replacement.*  The study showed that 38% of the implanted LPS high flex knees were loose shortly after 2 years post implant. From the group of patients with loose knees, over half (56%) had their knee revised due to pain.

31.     From the time that Defendants first began selling the Zimmer NexGen Knee in the United States, the product labeling and product information for the Zimmer NexGen Knee failed to contain adequate information, instructions, and warnings concerning implantation of the product and the increased risks that the Zimmer NexGen Knee can loosen in patients.

32.     Despite its knowledge of the serious injuries associated with using the Zimmer NexGen Knee, Defendants engaged in a marketing and advertising program which as a whole, by affirmative and material misrepresentations and omissions, falsely and deceptively sought to create the image and impression that using the Zimmer NexGen Knee was safe.

33.     Upon information and belief, Defendants downplayed and understated the health hazards and risks associated with the use of the Zimmer NexGen Knee and through promotional literature as well as sales visits to orthopaedic surgeons, deceived doctors and potential users of the Zimmer NexGen Knee by relaying positive information, while concealing the nature and extent of known adverse and serious health effects.

COMPLAINT

# FACTUAL ALLEGATIONS

34.    On May 20, 2009, Plaintiff's physician implanted a Zimmer NexGen Knee system into Plaintiff's knee, including a Zimmer NexGen LPS Flex Gender Solutions femoral component.

35.    Prior to May 20, 2009, the treating physician for Plaintiff, as well as Plaintiff, was exposed to the aforementioned advertising and marketing campaign directly by the Defendants.

36.    Plaintiff and Plaintiff's physician, either through direct promotional contact with Defendants' sales force, through word-of-mouth from other health care providers, and/or through promotional materials, received the information the Defendants intended that they receive, to-wit: that the Zimmer NexGen Knee was safe and effective for use in TKA procedures.

37.    Plaintiff began experiencing severe and debilitating pain after implant.

38.    Plaintiff returned to Plaintiff's physician several times due to consistent pain in her knee.

39.    Thereafter, Plaintiff had a second surgery to revise/replace her previously implanted Zimmer NexGen Knee because of loosening.  Plaintiff was never told, by any source, that her knee failed because the product itself was defectively designed.

40.    As a direct and proximate result of the use of the Zimmer NexGen Knee, Plaintiff suffered, and continues to suffer, serious bodily injury and harm.

41.    As a direct and proximate result of the use of the Zimmer NexGen Knee, Plaintiff incurred, and continues to incur, medical expenses to treat her injuries and condition.

42.    At no time material to her use of the Zimmer NexGen Knee was Plaintiff or her physicians told, warned, or given information about the higher risks of loosening in the Zimmer NexGen Knee.

/ / /

6

COMPLAINT

## COUNT I

## STRICT LIABILITY

43.    Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

44.    At all relevant times hereto, Defendants were engaged in the development, testing, manufacturing, marketing and sales of the Zimmer NexGen Knee.  Defendants designed, manufactured, marketed, and sold the Zimmer NexGen Knee to medical professionals and their patients, knowing it would be implanted for knee replacements.

45.    Zimmer NexGen Knee as designed, manufactured, marketed and sold by Defendants reached Plaintiff without substantial change in its condition and was used by Plaintiff in a reasonably foreseeable and intended manner.

46.    Zimmer NexGen Knee was "defective" and "unreasonably dangerous" when it entered the stream of commerce and was received by Plaintiff.  The Zimmer NexGen Knee was dangerous to an extent beyond that which would be contemplated by the ordinary consumer and the benefits of the design outweighed the risk of danger inherent in the design.

47.    The Zimmer NexGen Knee was used in the manner for which it was intended, that is, for artificial knee replacement.  This use resulted in injury to Plaintiff.

48.    At no time did Plaintiff have reason to believe that Zimmer NexGen Knee was in a condition not suitable for its proper and intended use among patients.

49.    Plaintiff was not able to discover, nor could he have discovered through the exercise of reasonable care, the defective nature of the Zimmer NexGen Knee.  Further, in no way could Plaintiff have known that Defendants had designed, developed, and manufactured the Zimmer NexGen Knee in such a way as to increase the risk of harm or injury to the recipients of it.

50.    The Zimmer NexGen Knee is defective in design because of its propensity to loosen and cause patients unnecessary pain and repeat surgical procedures.

COMPLAINT

51.     The Zimmer NexGen Knee is unreasonably dangerous because it was sold to Plaintiff without adequate warnings regarding, *inter alia,* the propensity of Zimmer NexGen Knee to loosen and cause serious pain and necessitate additional surgery; the post-marketing experience of higher rates of loosening and revision surgery with the Zimmer NexGen Knee; and the probability of suffering loosening and revision surgery.

52.     Defendants failed to develop and make available alternative products that were designed in a safe or safer manner, even though such products were feasible and marketable at the time Defendants sold the Zimmer NexGen Knee to Plaintiff.

53.     Defendants had knowledge and information confirming the defective and dangerous nature of the Zimmer NexGen Knee.   Despite this knowledge and information, Defendants failed to adequately and sufficiently warn Plaintiff and her physicians that Zimmer NexGen Knee causes serious injuries including, loosening and revision surgery.

54.     As a direct and proximate result of Defendants' wrongful conduct, including the Zimmer NexGen Knee's defective and dangerous design and inadequate warnings, Plaintiff has sustained and will continue to sustain severe and debilitating injuries, economic loss, and other damages including, but not limited to, cost of medical care, rehabilitation, lost income, permanent instability and loss of balance, immobility, and pain and suffering, for which he is entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

## COUNT II

## PRODUCTS LIABILITY – FAILURE TO WARN

55.     Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

56.     Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce the Zimmer NexGen Knee and, in the course of same, directly

COMPLAINT

1  advertised or marketed the product to the FDA, health care professionals, and

2  consumers, or persons responsible for consumers, and therefore had a duty to warn of

3  the risks associated with the use of the Zimmer NexGen Knee.

4      57.    Defendants failed to adequately warn health care professionals and the

5  public, including Plaintiff and her prescribing physician, of the true risks of the Zimmer

6  NexGen Knee, including that the Zimmer NexGen Knee could loosen, causing severe

7  pain and injury, and requiring further treatment, including revision surgery and/or knee

8  replacement.

9      58.    Defendants failed to timely and reasonably warn of material facts regarding

10  the safety and efficacy of the Zimmer NexGen Knee.  Had they done so, proper

11  warnings would have been heeded and no health care professional, including Plaintiff's

12  physician, would have prescribed the Zimmer NexGen Knee, or no consumer, including

13  Plaintiff, would have purchased and/or used the Zimmer NexGen Knee.

14      59.    Defendants failed to timely and reasonably provide adequate instructions

15  and training concerning safe and effective use of the Zimmer NexGen Knee.  Had they

16  done so, healthcare professionals, including Plaintiff's physician, could have safely and

17  effectively implanted the Zimmer NexGen Knee, without causing serious pain and injury

18  to patients, including Plaintiff.

19      60.    The Zimmer NexGen Knee, which was researched, developed, designed,

20  tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and

21  otherwise released into the stream of commerce by Defendants, was defective due to

22  inadequate post-marketing warnings and/or instruction because, after Defendants knew

23  or should have known that there was reasonable evidence of an association between the

24  Zimmer NexGen Knee and knee replacement loosening causing serious injury and pain.

25  Defendants failed to provide adequate warnings to health care professionals and the

26  consuming public, including Plaintiff, and continued to aggressively promote the

27  Zimmer NexGen Knee.

28

COMPLAINT

61.     Defendants failed to perform or otherwise facilitate adequate testing; failed to reveal and/or concealed testing and research data; and selectively and misleadingly revealed and/or analyzed testing and research data.

62.     As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff suffered serious and permanent non-economic and economic injuries.

## COUNT III

## PRODUCTS LIABILITY – DESIGN DEFECT

63.     Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

64.     Defendants researched, developed, manufactured, distributed, marketed, promoted, supplied and sold the Zimmer NexGen Knee, which is defective and unreasonably dangerous to consumers.

65.     The Zimmer NexGen Knee is defective in its design or formulation in that it is not reasonably fit, suitable or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.  The Zimmer NexGen Knee is defective in design or formulation in that it lacks efficacy and/or it poses a greater likelihood of injury than other knee replacement devices and similar knee replacement devices on the market and is more dangerous than ordinary consumers can reasonably foresee.

66.     If the design defect were known at the time of manufacture, a reasonable person would have concluded that the utility of the Zimmer NexGen Knee did not outweigh the risk of marketing a product designed in that manner.

67.     The defective condition of the Zimmer NexGen Knee rendered it unreasonably dangerous and/or not reasonably safe, and the Zimmer NexGen Knee was in this defective condition at the time it left the hands of the Defendants.  The Zimmer NexGen Knee was expected to and did reach consumers, including Plaintiff, without substantial change in the condition in which it was designed, manufactured, labeled,

COMPLAINT

1 │ sold, distributed, marketed, promoted, supplied and otherwise released into the stream of
2 │ commerce.

3 │   68.   Plaintiff and her physician were unaware of the significant hazards and
4 │ defects in the Zimmer NexGen Knee.

5 │   69.   The Zimmer NexGen Knee was unreasonably dangerous and/or not
6 │ reasonably safe in that it was more dangerous than would be reasonably contemplated by
7 │ the ordinary user. During the period that Plaintiff used the Zimmer NexGen Knee, it
8 │ was being utilized in a manner that was intended by Defendants.

9 │   70.   At the time Plaintiff received and used the Zimmer NexGen Knee, it was
10 │ represented to be safe and free from latent defects.

11 │   71.   Defendants are strictly liable to Plaintiff for designing, manufacturing, and
12 │ placing into the stream of commerce a product which was unreasonably dangerous for its
13 │ reasonably foreseeable uses at the time it left the control of Defendants because of the
14 │ design defects.

15 │   72.   Defendants knew or should have known of the danger associated with the
16 │ use of the Zimmer NexGen Knee, as well as the defective nature of the Zimmer NexGen
17 │ Knee, but continued to design, manufacture, sell, distribute, market, promote and/or
18 │ supply the Zimmer NexGen Knee so as to maximize sales and profits at the expense of
19 │ the public health and safety, in conscious disregard of the foreseeable harm caused by
20 │ the Zimmer NexGen Knee.

21 │   73.   As a direct and proximate cause of the design defect and Defendants'
22 │ misconduct as set forth herein, Plaintiff has suffered and continues to suffer serious and
23 │ permanent non-economic and economic injuries.

## COUNT IV

## NEGLIGENCE

26 │   74.   Plaintiff repeats and incorporates by reference all other paragraphs of this
27 │ Complaint as if fully set forth herein and further alleges as follows:

28 │

COMPLAINT

75.    At all relevant times, Defendants had a duty to exercise reasonable care in the design, formulation, testing, manufacture, marketing, sale, and distribution of Zimmer NexGen Knee, including a duty to ensure that the Zimmer NexGen Knee did not pose a significantly increased risk of bodily injury to its users.

76.    Defendants had a duty to exercise reasonable care in the advertising and sale of Zimmer NexGen Knee, including a duty to warn Plaintiff and other consumers, of the dangers associated with the consumption of the Zimmer NexGen Knee that were known or should have been known to Defendants at the time of the sale of the Zimmer NexGen Knee to the Plaintiff.

77.    Defendants failed to exercise reasonable care in the design, testing, manufacture, marketing, sale and distribution of the Zimmer NexGen Knee because Defendants knew or should have known that the Zimmer NexGen Knee had a propensity to cause serious injury, including loosening and revision surgery

78.    Defendants failed to exercise ordinary care in the labeling of the Zimmer NexGen Knee and failed to issue adequate pre-marketing or post-marketing warnings to prescribing doctors and the general public regarding the risk of serious injury, including, loosening and revision surgery.

79.    Defendants knew or should have known that Plaintiff could foreseeably suffer injury as a result of Defendants' failure to exercise ordinary care as described above.

80.    Defendants breached their duty of reasonable care to Plaintiff by failing to exercise due care under the circumstances.

81.    As a direct and proximate result of Defendants' acts and omissions, including their failure to exercise ordinary care in the design, formulation, testing, manufacture, sale, and distribution of the Zimmer NexGen Knee, Plaintiff was implanted with the Zimmer NexGen Knee and suffered severe and debilitating injuries, economic loss,   and other damages, including but not limited to, cost of medical care,

1    rehabilitation, lost income, permanent instability and loss of balance, immobility, and

2    pain and suffering, for which he is entitled to compensatory and equitable damages and

3    declaratory relief in an amount to be proven at trial.

## COUNT V

## BREACH OF EXPRESS WARRANTY

6        82.    Plaintiff repeats and incorporates by reference all other paragraphs of this

7    Complaint as if fully set forth herein and further alleges as follows:

8        83.    Defendants advertised, labeled, marketed and promoted its product, the

9    Zimmer NexGen Knee, representing the quality to health care professionals, the FDA,

10   Plaintiff, and the public in such a way as to induce its purchase or use, thereby making

11   an express warranty that the Zimmer NexGen Knee would conform to the

12   representations.  More specifically, Defendants represented that the Zimmer NexGen

13   Knee was safe and effective, that it was safe and effective for use by individuals such as

14   Plaintiff, and/or that it was safe and effective to treat Plaintiff's condition.

15       84.    The representations, as set forth above, contained or constituted

16   affirmations of fact or promises made by the seller to the buyer which related to the

17   goods and became part of the basis of the bargain creating an express warranty that the

18   goods shall conform to the affirmations of fact or promises.

19       85.    The Zimmer NexGen Knee did not conform to the representations made by

20   Defendants in that the Zimmer NexGen Knee was not safe and effective, was not safe

21   and effective for use by individuals such as Plaintiff, and/or was not safe and effective to

22   treat in individuals, such as Plaintiff.

23       86.    At all relevant times, Plaintiff used the Zimmer NexGen Knee for the

24   purpose and in the manner intended by Defendants.

25       87.    Plaintiff and Plaintiff's physician, by the use of reasonable care, could not

26   have discovered the breached warranty and realized its danger.

27

28

13

COMPLAINT

88.   The breach of the warranty was a substantial factor in bringing about Plaintiff's injuries.

89.   As a direct and proximate result of Defendants' acts and omissions, including their failure to exercise ordinary care in the design, formulation, testing, manufacture, sale, and distribution of Zimmer NexGen Knee, Plaintiff was implanted with Zimmer NexGen Knee and suffered severe and debilitating injuries, economic loss, and other damages, including but not limited to, cost of medical care, rehabilitation, lost income, permanent instability and loss of balance, immobility, and pain and suffering, for which they are entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

## COUNT VI

## BREACH OF IMPLIED WARRANTIES

90.   Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

91.   The Zimmer NexGen Knee was not reasonably fit for the ordinary purposes for which such goods are used and did not meet the expectations for the performance of the product when used in the customary, usual and reasonably foreseeable manner. Nor was the Zimmer NexGen Knee minimally safe for its expected purpose.

92.   At all relevant times, Plaintiff used the Zimmer NexGen Knee for the purpose and in the manner intended by Defendants.

93.   Plaintiff and Plaintiff's physician, by the use of reasonable care could not have discovered the breached warranty and realized its danger.

94.   The breach of the warranty was a substantial factor in bringing about Plaintiff's injuries.

95.   As a direct and proximate result of Defendants' acts and omissions, including their failure to exercise ordinary care in the design, formulation, testing, manufacture, sale, and distribution of Zimmer NexGen Knee, Plaintiff was implanted

14

with Zimmer NexGen Knee and suffered severe and debilitating injuries, economic loss, and other damages, including but not limited to, cost of medical care, rehabilitation, lost income, permanent instability and loss of balance, immobility, and pain and suffering, for which they are entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

1.     Compensatory damages, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate Plaintiff for all her injuries and damages, both past and present;

2.     Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate Plaintiff for all of her injuries and damages, both past and present, including but not limited to, past and future medical expenses, costs for past and future rehabilitation and/or home health care, lost income, permanent disability, including permanent instability and loss of balance, and pain and suffering.

3.     Double or triple damages as allowed by law;

4.     Attorneys' fees, expenses, and costs of this action;

5.     Punitive damages, together with interest;

6.     Pre-judgment and post-judgment interest in the maximum amount allowed by law; and

7.     Such further relief as this Court deems necessary, just, and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT

**JURY DEMAND**

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated:  March 7, 2012                    RIDOUT & LYON, LLP

                           By:  _____
                                 CHRISTOPHER P. RIDOUT, ESQ.

                                 ZIMMERMAN REED, P.L.L.P.
                                 RONALD S GOLDSER, ESQ
                                 GENEVIEVE M. ZIMMERMAN, ESQ.
                                 JASON P. JOHNSTON, ESQ.

                                 *Attorneys for Plaintiff*

16

COMPLAINT

Name & Address:
Christopher P. Ridout (State Bar No. 143931)
RIDOUT & LYON, LLP
555 E. Ocean Blvd., Ste. 500
Long Beach, California 90802
(562) 216-7380

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA STEINER | CASE NUMBER |
| PLAINTIFF(S) | |
| v. | **CV 12  1969~(AS(AGRx)** |
| ZIMMER, INC.; ZIMMER HOLDINGS, INC.; AND ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC. and DOES 1-20 inclusive | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):

    A lawsuit has been filed against you.

    Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Christopher P. Ridout_____, whose address is _555 E. Ocean Blvd., Ste. 500, Long Beach, CA 90802_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   MAR - 8 2012

By: _____
              Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Linda Steiner | Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer Surgical Orthopaedic Products, Inc. and Does 1-20 Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Christopher P. Ridout, Ridout & Lyon, LLP. 555 E. Ocean Blvd., Suite 500, Long Beach, CA 90802 (562) 216-7385 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 75,000 plus

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332.  Products liability action for a defective knee replacement device.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☑ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number:    CV12 1969

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Indiana and Ohio. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _(signature)_   Date   3/7/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 1969 CAS  (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.