

**United States District Court**
Central District of California
**Office of the Clerk**

**Jeffrey S. Thomason**
Acting Chief Probation and Pretrial Services Officer
255 East Temple Street, Suite 1410
Los Angeles, CA 90012

**Kiry K. Gray**
District Court Executive / Clerk of Court
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Cristina M. Squieri Bullock**
Chief Deputy of Administration
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Sara Tse Soo Hoo**
Chief Deputy of Operations
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

August 27, 2021

Christopher P Ridout
Zimmerman Reed LLP
2381 Rosecrans Avenue Suite 328
Manhattan Beach, CA 90245
Email: Christopher.Ridout@zimmreed.com

Jan E Dodd
Fulbright and Jaworski LLP
555 South Flower Street 41st Floor
Los Angeles, CA 90071
Email: jdodd@fulbright.com

Ryan T McCoy
Norton Rose Fulbright US LLP
555 South Flower Street 41st Floor
Los Angeles, CA 90071
Email: ryan.mccoy@nortonrosefulbright.com

      Re:    *Linda Steiner v. Zimmer, Inc., et al.*
              2:12-CV-01969 CAS (AGRx)

Dear Mr. Ridout, Ms. Dodd, and Mr. McCoy:

      I have been contacted by Judge Snyder who presided over the above-mentioned case, which is now closed.

      Judge Snyder informed me that it has been recently brought to her attention that, while she presided over the case, she owned stock in Wal-Mart from February 16, 2012 through June 1, 2012.  This case was filed on March 8, 2012 and subsequently transferred to the MDL on April 13, 2012.  Her ownership of stock neither affected nor impacted her decisions in this case.  However, the stock ownership would have required recusal under the Code of Conduct for United States Judges.  Therefore, Judge Snyder directed that I notify the parties of the conflict.

**Eastern Division**
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Southern Division**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701

*Linda Steiner v. Zimmer, Inc., et al.*
2:12-CV-01969 CAS (AGRx)
August 27, 2021

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplated disqualification after oral argument before a Court of Appeals, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      With Advisory Opinion 71 in mind, you are invited to respond to Judge Snyder's disclosure of a conflict in this case, including any request to reopen the case. Should you wish to respond, please submit your response by filing it on the docket on or before September 26, 2021. Any response will be considered by another judge of this District without the participation of Judge Snyder.

      Sincerely,

      Kiry K. Gray
      District Court Executive/Clerk of Court